1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

| UNITED STATES OF AMERICA, | CASE NO. 15CR0108-LAB/ 16CV0526-LAB |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255** [Doc. 22] |
| PEDRO MARTINEZ-TOMAS, | |
| Defendant. | |

16

17          Pedro Martinez-Tomas ("Martinez") has filed a motion to vacate his sentence under

18    28 U.S.C. § 2255.   On November 1, 2016, the Court appointed Federal Defenders of

19    San Diego to represent Mr. Martinez, and offered Federal Defenders an opportunity to file

20    a supplemental brief in support of Mr. Martinez's claims by November 15, 2016. Federal

21    Defenders did not file a supplemental brief.  Also on November 1, the Court ordered the

22    Government to respond to Mr. Martinez's motion.  On November 17, 2016, Assistant U.S.

23    Attorney Susan Park filed a response opposing Martinez's request for relief.

24          Ms. Park's opposition brief points out that as part of his plea agreement Martinez

25    waived the right to appeal or to collaterally attack his conviction, provided he received no

26    more than 27 months in custody.  He got the benefit of his bargain when the Court

27    sentenced him to 27 months.  Martinez's plea agreement and the transcript of his change

28    of plea establish that his waiver of the right to appeal and to collaterally attack his conviction

was knowing, voluntary, and intelligent. So the Court finds that the waiver is enforceable, and forecloses the relief that Martinez seeks.

Even were the Court to consider Martinez's claim on the merits, his motion would be denied. Martinez's argument is that his sentence was somehow undermined by the holding in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015), but the argument is unsupported by any basis in that decision. In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)) on the ground that the clause was vague. 135 S.Ct. at 2557-58. Martinez was not sentenced under the ACCA, nor under any other residual clause. He was sentenced under a specific provision of the United States Sentencing Guidelines ("Guidelines") that provides for higher sentence if an offender was previously convicted of alien smuggling – as Martinez was. Unlike the defendant in *Johnson*, Martinez pled guilty to an offense that is explicitly defined and referenced under the Guidelines; his argument about vagueness misses the mark.

Martinez's waiver of the right to collaterally attack his sentence is enforceable against him, and he's got no legitimate beef in any event. His motion to vacate his sentence is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 17, 2017

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 2 -

15cr0108/16cv0526